**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHAMPION LABORATORIES, INC.,

        Plaintiff,                      Case Number: 07-12493

v.                                         JUDGE PAUL D. BORMAN
                                                UNITED STATES DISTRICT COURT

PARKER HANNIFIN CORP.,
including its RACOR Division,

        Defendant.
_____/

**OPINION AND ORDER (1) DENYING DEFENDANT'S MOTION FOR**
**RECONSIDERATION; AND (2) STRIKING, IN PART, PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S MOTION FOR RECONSIDERATION**

Before the Court are: 1) Defendant's Motion for Reconsideration, filed May 5, 2009, (Doc No. 45); and 2) Defendant's Motion to Strike Portions of Plaintiff's Memorandum, filed July 1, 2009, (Doc. No. 52).  For the reasons discussed below, the Court denies Defendant's motion for reconsideration and grants, in part, Defendant's motion to strike.

**A. Defendant's Motion for Reconsideration**

Eastern District of Michigan Local Rule 7.1(g) provides the standards for a motion for reconsideration, and states:

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg*.

1

*Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997). "A trial court may grant reconsideration under Fed. R. Civ. P. 59(e) for any of four reasons: (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; (3) to correct a clear error of law; or (4) to prevent manifest injustice." *Hayes v. Norfolk Southern Corp.*, 25 Fed. Appx. 308, 315 (6th Cir. Dec. 18, 2001) (unpublished).

Defendant argues that this Court erred by not granting summary judgment on Plaintiff's false advertising Lanham Act claim because Plaintiff did not establish a causal link between the challenged statements and the harm to Plaintiff. (Def.'s Mot. Recon. 2). Defendant acknowledges that literally false statements do not require proof that the statements caused the consumer to be mislead because actual deception is presumed. (*Id.*) Defendant, however, argues that the literal falsity rule does not allow plaintiff to recover marketplace damages without proving a causal link between the statements and the harm. (*Id.*)

Plaintiff responds that the Court did not err because it is entitled to recover monetary expenses, even if it cannot show a causal link. (Pl.'s Resp. 6-11). Plaintiff also argues that this Court should not consider Defendant's motion for reconsideration because Defendant did not raise the issue presented in the motion during the summary judgment phase. (*Id.* at 12).

In support of its argument, Defendant cites *Balance Dynamics, Corp. v. Schmitt Industries, Inc.*, 204 F.3d 683 (6th Cir. 2000), for the proposition that literal falsity does not entitle a plaintiff to recover monetary damages unless there is a causal link between the literally false statements and the damages claimed. (Def.'s Mot. Recon. 3-4).

In *Balance Dynamics*, the Sixth Circuit Court of Appeals considered whether a Plaintiff must prove actual confusion to recover damage control costs. 204 F.3d at 690. The Court noted that

actual confusion, that is proof that the challenged statements caused harm to the plaintiff, "is a prerequisite to an award of 'marketplace damages.'" *Id.* at 691. The Court then distinguished marketplace damages and damage control expenses: "[d]amage control expenses must be treated differently from marketplace damages because, like an injunction, damage control is undertaken precisely to prevent such things as lost sales, lost profits, and lost goodwill." *Id.* at 691. The Court held that a plaintiff may recover damage control expenses "upon a showing of the likelihood of actual confusion," i.e. a showing of literal falsity. *Id.* at 691. The Court further held that a plaintiff may recover for damages to goodwill, if the plaintiff presents evidence that the literal falsity was made with deliberate intent or bad faith. *Id.* at 694.

*Balance Dynamics* teaches that there are different standards of proof for different types of remedies available under the Lanham Act. In the summary judgment briefs, the parties did not distinguish between the types of relief available, nor did Defendant argue that Plaintiff was not entitled to any monetary damages if it invoked the actual deception presumption. Therefore, this Court did not directly address the types of remedies available to Plaintiff.

The Court did not err, however, in denying Defendant summary judgment on Plaintiff's false advertising Lanham Act claim. Plaintiff seeks injunctive relief, damage control expenses and goodwill damages. (Compl. ¶¶ 80-81). If Plaintiff proves literal falsity, the actual deception presumption is invoked, and Plaintiff is entitled to injunctive relief and damage control expenses. In addition, Plaintiff may recover goodwill damages if Plaintiff shows literal falsity along with deliberate intent or bad faith. Because Plaintiff may still recover certain types of damages, without establishing a causal link, the Court did not err in denying Defendant summary judgment on this claim.

**B. Defendant's Motion to Strike**

Defendant urges this Court to strike Plaintiff's response to Defendant's motion for reconsideration because, in the response, Plaintiff asks this Court to reconsider its decision to dismiss Plaintiff's claims for trade disparagement and business defamation. (Def.'s Mot. Strike 1). Plaintiff responds that its request for reconsideration is proper because, on a timely-filed motion for reconsideration, a district court may reconsider any part of its opinion and order. (Pl.'s Resp. 2). The Court may, in its discretion, reconsider any part of its order when a timely motion for reconsideration is filed. However, Plaintiff may not bootstrap Defendant's timely motion for reconsideration to bring forth an untimely motion for reconsideration in its response to Defendant's motion.

Accordingly, this Court will strike only the sentence in Plaintiff's response brief requesting reconsideration: "Accordingly, Champion respectfully suggests that the Court should exercise its "sound discretion" in addressing this motion for reconsideration and amend the Order to reinstate Champion's common law claims."

## III. CONCLUSION

For the reasons discussed above, the Court:

(1) **DENIES** Defendant's Motion for Reconsideration (Doc. No. 45);

(2) **GRANTS IN PART** Defendant's Motion to Strike (Doc. No. 52).

SO ORDERED.

                                                  s/Paul D. Borman  
                                                  PAUL D. BORMAN  
                                                  UNITED STATES DISTRICT JUDGE

Dated: July 17, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 17, 2009.

                                                  s/Denise Goodine  
                                                  Case Manager